

Lawrence S. Lustberg
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102
Direct: 973-596-4731 Fax: 973-639-6285
llustberg@gibbonslaw.com

November 12, 2025

**VIA ECF**

Honorable Zahid N. Quraishi, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

> Re: *Piegaro v. The Trustees of Princeton University, et al.*,
> 3:25-cv-13919-ZNQ-JTQ

Dear Judge Quraishi:

This Firm represents The Trustees of Princeton University ("Princeton" or the "University") and Kenneth Strother, Jr ("Chief Strother"), Princeton's Assistant Vice President for Public Safety, (collectively "Defendants") in the above-captioned matter. We write to request a pre-motion conference in advance of Defendants' anticipated motion to dismiss Plaintiff David Piegaro's Complaint (ECF No. 1).

### 1. Plaintiff's Allegations

Plaintiff, a former undergraduate student who graduated in May 2025, asserts constitutional and common law tort claims against Chief Strother and the University for his arrest on campus, student discipline action, and prosecution by the Mercer County Prosecutor's Office ("MCPO"). On April 29, 2024, Princeton's Clio Hall, which houses the Graduate School, was occupied by protesters to the war in Gaza. ¶ 28. Plaintiff observed "as a neutral journalist." ¶ 30. Department of Public Safety ("DPS") officers arrested the protestors, ¶ 31, but a crowd prevented their transport. ¶ 32. Plaintiff recorded the scene, ¶ 33, and entered Whig Hall, next door to Clio Hall, to "get better angles," ¶ 4. DPS eventually released the arrested individuals. ¶ 35. Almost an hour later, Plaintiff attempted to videorecord three men: "a man in a black suit," later identified as Chief Strother; a member of Princeton's Faculty for Justice in Palestine; and another man, outside of Whig Hall. ¶ 36. Chief Strother told Plaintiff that he and the men were having a private conversation, and they turned their backs to Plaintiff. Nonetheless, Plaintiff followed the men to the steps of Whig Hall. *Id.* Chief Strother used his security badge to open the entry door of Whig Hall and held the door for the two other men. Plaintiff tried to immediately follow the three men through the door, and, according to Plaintiff, without warning or probable cause, he was arrested by Chief Strother for attempting to enter Whig Hall. ¶¶ 37-39. Plaintiff alleges that, during the arrest, Chief Strother "dropped" Plaintiff down the steps of the building. ¶ 40. Plaintiff was transported to DPS's on-campus office, and later to Princeton Medical Center. ¶ 43. Plaintiff claims he sustained rib injuries, a concussion, and abrasions. ¶ 44.

The day after his arrest, Plaintiff states that he was barred from campus; the following day, Plaintiff received formal notice of a campus ban. ¶ 55. Between May and October 2024, Princeton conducted a disciplinary investigation and proceeding in which Plaintiff participated. At the conclusion of the proceeding, Plaintiff was placed on disciplinary probation. ¶ 59. In a separate criminal proceeding, the MCPO charged Plaintiff with aggravated assault, obstruction, resisting arrest, and defiant trespass, ¶ 47, but later downgraded the assault to disorderly persons offenses, dismissed all other charges, and directed the charges to Princeton Municipal Court. ¶ 78. After a bench trial, on April 1, 2025, the Municipal Court found Plaintiff not guilty of simple assault. ¶ 79. However, the Court explicitly found probable cause for Plaintiff's arrest, and opined that Plaintiff should apologize to Chief Strother.[1]

### 2. The Constitutional Claims Against Chief Strother Fail.

*First*, Plaintiff's claims against Chief Strother for retaliation, unlawful arrest/false imprisonment, and malicious prosecution fail because the municipal court found probable cause to arrest Plaintiff. *See Morales v. Maxwell,* No. 21-07263 (ZNQ) (RLS), 2024 U.S. Dist. LEXIS 198866, at *22 n.11 (D.N.J. Nov. 1, 2024) (noting the "preclusive effect of the Municipal Court's findings" regarding the validity of plaintiff's arrest). Probable cause is a complete defense to these claims.[2] *See Goodwin v. Conway,* 836 F.3d 321, 327 (3d Cir. 2016) (probable cause is "complete defense" to false arrest/imprisonment and malicious prosecution); *Morales*, 2024 U.S. Dist. LEXIS 198866 at *33 (a claim for retaliatory arrest requires a showing that plaintiff was arrested without probable cause). On this basis, the Defendants seek leave to move to dismiss these claims.[3]

*Second*, Plaintiff's fabrication of evidence claim fails to satisfy the exacting pleading standard that governs this allegation. Plaintiff alleges that Chief Strother wrote false statements in his police report and lied during his testimony. ¶¶ 63, 66-74. While the Third Circuit recognizes "a stand-alone" claim for fabrication of evidence, *Halsey v. Pfeiffer*, 750 F.3d 273, 292 (3d Cir. 2014), "the standard required to demonstrate that evidence is fabricated is a 'notable bar,'" *Boseman v. Upper Providence Twp.*, 680 F. App'x 65, 70 (3d Cir. 2017). Testimony that is "simply disputed should not be treated as fabricated merely because it turns out to have been wrong." *Boseman*, 680 F. App'x at 70. And mere "conclusory assertions" that a police officer issued a false certification is not sufficient. *Khetani v. Plainsboro Twp.*, No. 23-534 (GC) (JTQ), 2024 U.S. Dist. LEXIS 147393, at *11-12 (D.N.J. Aug. 19, 2024). Because, "[a]t most, Plaintiff's blanket denial

---

[1] On a motion to dismiss, the Cout can take judicial notice of matters of public records, including the official court records that establish these facts. *Omodunbi v. Gordin & Berger, P.C.*, No. 17-7553 (ES) (JSA), 2021 U.S. Dist. LEXIS 219323, at *9 n.7 (D.N.J. Nov. 12, 2021).

[2] For this reason too, Plaintiff's claim against Princeton for malicious prosecution also fails.

[3] Probable cause also defeats Plaintiff's assault and battery claim against Princeton and Chief Strother. *Dobbins v. Hudson United Bank*, No. 03-5771, 2004 U.S. Dist. LEXIS 25320, at *15 (E.D. Pa. Dec. 16, 2004) ("Similarly, [plaintiff's] common law battery claims are also defeated because her arrest was made with probable cause."); *see also Forsman v. Dykstra,* No. 21-8181 (ZNQ) (TJB), 2023 U.S. Dist. LEXIS 75247, at *22-23 (D.N.J. Apr. 28, 2023) (dismissing claims for battery and assault against borough).

GIBBONS P.C.

Honorable Zahid N. Quraishi, U.S.D.J.
November 3, 2025
Page 3

of the criminal allegations that were brought against him is simply disputed testimony that 'should not be treated as fabricated,'" this claim must be dismissed as a matter of law and the Defendants request leave to so move. *See id.*

### 3. Plaintiff's Respondent Superior Claim Against Princeton Fails.

Plaintiff alleges that Princeton is subject to "municipal liability" pursuant to 42 U.S.C. § 1983 and N.J.S.A. 10:6-2 for a failure to train its officers. ¶¶ 130-32. Assuming for purposes of this argument that Princeton is even subject to such liability under § 1983, and *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), Plaintiff is still required to allege a "policy or custom" that causes a constitutional deprivation. *Id.* at 694. Specifically, a municipality's failure to train its employees "must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (alteration in original). A failure-to-train theory "generally may not rely on the unsatisfactory training of one officer." *Young v. Temple Univ. Campus Safety Servs.*, No. 15-2892, 2015 U.S. Dist. LEXIS 145948, at *5 (E.D. Pa. Oct. 28, 2015). Instead, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary.'" *Id.* Here, Plaintiff does not allege any "pattern of similar constitutional violations." Indeed, other than Plaintiff's arrest, the Complaint does not allege a single instance of an unconstitutional interaction between University officers and students; this alone is fatal. *See Bynum*, 2014 U.S. Dist. LEXIS 161864 at *7-11 (dismissing failure-to-train claim because plaintiff's factual allegations were limited to the conduct of the individual officer). These claims, too are ripe for dismissal under Federal Rule of Civil Procedure 12(b)(6), following full briefing and argument.

### 4. The Remaining Tort Claims Fail as a Matter of Law.

Plaintiff's claim for intentional infliction of emotional distress requires "extreme and outrageous conduct [which] intentionally or recklessly causes severe emotional distress to another." *Lingar v. Live-In Companions, Inc.*, 692 A.2d 61, 67 (App. Div. 1997). For conduct to be "extreme and outrageous," it must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Ingraham v. Ortho-McNeil Pharm.*, 25 A.3d 1191, 1195 (App. Div. 2011). No allegations satisfy this "elevated threshold" because Plaintiff "does not contend that he was beaten, held under unbearable conditions, or otherwise severely mistreated in any manner during [his arrest]." *Forsman*, 2023 U.S. Dist. LEXIS 75247 at *19-20 (dismissing claim). As well, Plaintiff's negligent infliction of emotional distress claim fails against Princeton because, under the Charitable Immunity Act, the University is liable only for claims of gross negligence, which is not alleged, also warranting dismissal on motion. *See* N.J.S.A. 2A:53A-7(a).

*\*\*\**

For these reasons, Defendants respectfully request a pre-motion conference or, alternatively, leave to file a motion to dismiss Plaintiff's Complaint on the above grounds. We thank the Court for its kind attention to this matter.

G<small>IBBONS</small> P.C.

Honorable Zahid N. Quraishi, U.S.D.J.
November 3, 2025
Page 4

                                       Respectfully submitted,

                                       */s Lawrence S. Lustberg*

                                       Lawrence S. Lustberg

cc: All Counsel of Record (Via ECF)