**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DAVID PIEGARO,

                Plaintiff,

v.

THE TRUSTEES OF PRINCETON
UNIVERSITY, et al.

                Defendants.

Civil Action No.  3:25-cv-13919-
ZNQ-JTQ

*Document electronically filed*

---

## DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

---

**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500

*Attorneys for Defendants*
*The Trustees of Princeton University*
*and Kenneth E. Strother, Jr*

# TABLE OF CONTENTS

**Page(s)**

ARGUMENT ......................................................................................................1

  I.   DEFENDANTS DID NOT WAIVE ANY BASIS FOR DISMISSAL OF THE COMPLAINT. .................................................................................................1

  II. PLAINTIFF'S CONSTITUTIONAL CLAIMS (COUNTS I, II, III, V,VI, VII) SHOULD BE DISMISSED. ........................................................................2

    A. Plaintiff Is Precluded From Re-litigating Probable Cause For His Arrest. .2

    B. The Municipal Court's Finding of Probable Cause Precludes Plaintiff's Claims for Retaliation (Count I), Unlawful Arrest/False Imprisonment (Count II), and Malicious Prosecution (Count V). ........................................................7

    C. The Municipal Court's Probable Cause Finding Undermines Plaintiff's Excessive Force Claim...........................................................................................8

    D. Plaintiff's Fabrication of Evidence Claim Fails to Satisfy The Heightened Pleading Standard. .................................................................................................9

  III.  PLAINTIFF'S  MUNICIPAL  LIABILITY  CLAIM  AGAINST PRINCETON (COUNT VII) FAILS AS A MATTER OF LAW.......................10

  IV.  PLAINTIFF'S TORT CLAIMS (COUNTS IV, VIII, AND IX) SHOULD BE DISMISSED. ...............................................................................................12

    A. Assault and Battery .......................................................................................12

    B. Intentional Infliction of Emotional Distress................................................13

    C. Negligent Infliction of Emotional Distress ................................................14

CONCLUSION .................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. McCurry*,
    449 U.S. 90 (1980)................................................................................11

*Benhaim v. Borough of Highland Park*,
    No. 11-2502 (KM), 2015 WL 105794 (D.N.J. Jan. 6, 2015) ............................16

*Black v. Montgomery Cnty.*,
    835 F.3d 358 (3d Cir. 2016) ...............................................................13

*Boseman v. Upper Providence Twp.*,
    680 F. App'x 65 (3d Cir. 2017).............................................................13

*Dana Transp., Inc. v. Ableco Fin., LLC*,
    No. 04-2781 (KHS), 2005 WL 2000152 (D.N.J. Aug. 17, 2005) ........................6

*Dobbins v. Hudson United Bank*,
    No. 03-5771, 2004 U.S. Dist. LEXIS 25320 (E.D. Pa. Dec. 16,
    2004) ........................................................................................16

*Doe v. Princeton Univ.*,
    790 F. App'x 379 (3d Cir. 2019) ...........................................................18

*Doss v. Osty*,
    No. 10-3497 (WJM), 2011 U.S. Dist. LEXIS 68824 (D.N.J. June
    27, 2011) ....................................................................................17

*Fairview Ritz Corp. v. Borough of Fairview*,
    No. 9-875 (JLL), 2013 WL 5946986 (D.N.J. Nov. 6, 2013).........................14, 15

*Gaymon v. Esposito*,
    No. 11-4170 (JLL), 2013 WL 4446973 (D.N.J. Aug. 16, 2013)........................15

*Goodwin v. Conway*,
    836 F.3d 321 (3d Cir. 2016) ...............................................................12

*Halsey v. Pfeiffer*,
    750 F.3d 273 (3d Cir. 2014) ...............................................................13

iii

*Harvey v. Cnty. of Hudson*,
   No. 14-3670 (KM), 2015 WL 9687862 (D.N.J. Nov. 25, 2015).........................15

*Howard v. New Jersey Div. of Youth & Fam. Servs.*,
   No. 08-4934 MAS, 2015 WL 5089536 (D.N.J. Aug. 27, 2015) ..........................7

*Ingraham v. Ortho-McNeil Pharm.*,
   25 A.3d 1191 (App. Div. 2011)..........................................................................17

*Jean Alexander Cosms., Inc. v. L'Oreal USA, Inc.*,
   458 F.3d 244 (3d Cir. 2006) ..............................................................................11

*Khetani v. Plainsboro Twp.*,
   No. 23-534 (GC) (JTQ), 2024 U.S. Dist. LEXIS 147393 (D.N.J.
   Aug. 19, 2024) ...................................................................................................13

*Kwanzaa v. Tell*,
   No. 19-16052 (RMB) (EAP), 2024 U.S. Dist. LEXIS 105936
   (D.N.J. June 14, 2024) ....................................................................................7, 8

*Legriere v. City of Paterson*,
   No. 20-08361 (KM) (ESK), 2021 U.S. Dist. LEXIS 22638 (D.N.J.
   Feb. 1, 2021) .................................................................................................12, 13

*Linnen v. Armainis*,
   991 F.2d 1102 (3d Cir. 1993) ............................................................................11

*Merritt v. Kelly*,
   No. A-0754-21, 2023 WL 722142 (App. Div. Nov. 2, 2023)............................10

*Morales v. Maxwell*,
   No. 21-07263 (ZNQ) (RLS), 2024 U.S. Dist. LEXIS 198866
   (D.N.J. Nov. 1, 2024)...........................................................................7, 8, 9, 12

*Ramirez v. United States*,
   998 F. Supp. 425 (D.N.J. 1998).........................................................................18

*Rasmussen v. United States*,
   No. 14-6726 (KSH)(MF), 2017 U.S. Dist. LEXIS 51258 (D.N.J.
   Mar. 31, 2017)....................................................................................................17

*Reaves v. Pennsylvania Bd. of Prob. & Parole*,
   580 F. App'x 49 (3d Cir. 2014)..........................................................................10

iv

*Smart v. Winslow*,
No. 13-4690 (RMB), 2015 WL 5455643 (D.N.J. Sept. 16, 2015).....................16

**Statutes**

Charitable Immunity Act .................................................................................18

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ...........................................................5, 6

Federal Rule of Civil Procedure 12(g)(2) ...........................................................5, 6

Defendants submit this reply brief in further support of their motion to dismiss (ECF No. 17) Plaintiff's Complaint (ECF No. 1).[1]

## ARGUMENT

### I. DEFENDANTS DID NOT WAIVE ANY BASIS FOR DISMISSAL OF THE COMPLAINT.

Plaintiff mistakenly contends that Defendants waived certain arguments that are properly presented for this Court's consideration.  For example, Plaintiff argues that Defendants raise arguments in their motion that were not included in their pre-motion letter (ECF No. 13).  But Defendants' letter sought dismissal of the "constitutional claims," "respondeat superior claim," and "tort claims," *i.e.*, all the claims asserted in the Complaint.  That each legal theory for dismissal under Federal Rule of Civil Procedure 12(b)(6) was not fully articulated in their three-page letter certainly did not waive any of the arguments presented or violate the Court's procedures; Defendants noticed each claim for which they would seek dismissal and were neither required nor able to fully brief the issues in three pages.[2]

---

[1] The Complaint is cited as "¶ _."  Defendants' brief in support of its motion to dismiss is cited as "Br."  Plaintiff's opposition (ECF No. 20) is cited as "Opp."

[2] Nor is the waiver provision of Rule 12(g)(2) an appropriate basis upon which to deny this motion, as it applies only when a party makes another Rule 12 motion "raising a defense or objection that was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2).  Here, of course, Defendants have filed only one motion to dismiss the Complaint.

Second, although Defendants devoted five pages to the preclusive effective of the Municipal Court's probable cause finding, Plaintiff counters, without citation, that Defendants cannot argue issue preclusion at this point because they did not, in their motion, "engage with the collateral estoppel doctrine." Opp. at 15. Plaintiff cites to *Wilson v. Parker* for the proposition that arguments cannot be raised for the first time on reply. *Id.* (citing No. 18-2954 (BRM) (DEA), 2018 WL 6696783, at *5 (D.N.J. Dec. 20, 2018)). But Defendants specifically raised preclusion in their moving brief. Br. at 11 ("The Municipal Court's probable cause finding is entitled to preclusive effect and bars Plaintiff from relitigating the issue before this Court."). And, of course, they appropriately reply to Plaintiff's argument here. *See e.g., Dana Transp., Inc. v. Ableco Fin., LLC*, No. 04-2781 (KSH), 2005 WL 2000152, at *6 (D.N.J. Aug. 17, 2005) ("The purpose of the reply brief is to respond to the opposition brief or explain a position that the respondent has refuted.").

## II. PLAINTIFF'S CONSTITUTIONAL CLAIMS (COUNTS I, II, III, V,VI, VII) SHOULD BE DISMISSED.

### A. Plaintiff Is Precluded From Re-litigating Probable Cause For His Arrest.

"A court may properly consider the preclusive effect of a state court decision when raised as an affirmative defense on a motion to dismiss under Rule 12(b)(6)." *Howard v. New Jersey Div. of Youth & Fam. Servs.*, No. 08-4934 (MAS), 2015 WL 5089536, at *4 (D.N.J. Aug. 27, 2015). Plaintiff, however, takes the position that

2

this Court may not consider on this motion to dismiss the Municipal Court's decision on whether there was probable cause to arrest Plaintiff.  Opp. at 12-13.  But "[w]hen the motion raises issue preclusion concerns, the 'court must still consider the prior adjudication in order to determine whether issue preclusion bars that plaintiff's claims' because 'a prior judicial opinion constitutes a public record of which a court may take judicial notice.'"  *Id.* (quoting *M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010)).

Here, the Municipal Court unequivocally found probable cause to arrest Plaintiff.  ECF No. 17-2, Exhibit ("Ex.") C at Tr. 21:5-6 ("I'm going to find there was probable cause for the arrest.").  Courts in this district, including this Court, have specifically held that a Municipal Court's probable cause finding is entitled to preclusive effect and bars subsequent constitutional claims under Section 1983.  *See Morales v. Maxwell,* No. 21-07263 (ZNQ) (RLS), 2024 U.S. Dist. LEXIS 198866, at *22 n.11 (D.N.J. Nov. 1, 2024) ("The Court notes the preclusive effect of the Municipal Court's findings, which prevent the re-litigation of the issue of validity of Plaintiffs' arrest for the crimes for which he was convicted."); *Kwanzaa v. Tell*, No. 19-16052 (RMB) (EAP), 2024 U.S. Dist. LEXIS 105936, at *2-3 (D.N.J. June 14, 2024) ("In Kwanzaa's related criminal proceeding, the Pleasantville Municipal Court concluded that Officer Tell had probable cause to conduct a field inquiry, arrest Kwanzaa, and search his vehicle.  As a result, Kwanzaa is bound by issue

3

preclusion and may not relitigate the question of probable cause here."). Indeed, the plaintiff in *Morales* did not challenge probable cause during his criminal trial, but this Court nevertheless held that the Municipal Court's findings precluded re-litigation of the "validity" of his arrest. 2024 U.S. Dist. LEXIS 198866 at 22 n.11, 32. So too should the Court here.

> Issue preclusion applies when:
>
> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

*Kwanzaa*, 2024 U.S. Dist. LEXIS 105936 at *16.

Three of these factors are not in dispute: under prongs one and three, the only issue Defendants argue is precluded is probable cause for Plaintiff's arrest, which was squarely decided by the Municipal Court after a two-day trial on the merits of Plaintiff's criminal charges. Ex. C at Tr. 21:5-6. And obviously, Plaintiff was a party to the Municipal Court proceeding, in satisfaction of the fifth requirement.

Regarding prong two, Plaintiff argues that probable cause was never "actually litigated" because the Municipal Court made its finding without argument. Opp. at 16. But again, in *Morales*, this Court found a Municipal Court's findings preclusive of issues concerning the validity of a plaintiff's arrest even though the plaintiff did

4

not even challenge probable cause at his criminal trial.  2024 U.S. Dist. LEXIS 198866 at 32.  Moreover, the Municipal Court's findings were made after a two-day long trial during which the judge heard all of the evidence that Plaintiff includes in his Complaint, including in the form of live testimony.  Exs. A & B.  Plaintiff attempts to argue that "because any purported probable cause finding in the Municipal Court was informed by Chief's Strother's alleged falsehoods, the fact finder here should 'properly vet' the parties' arguments and reach an independent determination after 'full development of the factual record.'"  Opp. at 19 (citations omitted).  But the Municipal Court heard testimony from Chief Strothers and found it credible.  Ex. C. at Tr. 9-10.   The Court also considered all of the evidence that Plaintiff asserts is "contradictory" to Chief Strother's testimony, such as the video evidence, and still found probable cause.  Exs. A & B.  And the Municipal Court specifically credited witness testimony that it found consistent with Chief Strother's account, including that of Zian Mian, Public Safety Official Breh Franky, and even Plaintiff.  Ex. C Tr. at 9-10.

Plaintiff also mistakenly argues that the Municipal Court provided no reason for its probable cause determination.  Opp. at 16.  In fact, the Municipal Court explained the "contextual factors" that were "essential to assessing the subsequent action taken by University officials."  *Id.* at Tr. 8:8-11.  Specifically, "[a]pproaching University officials during a private conversation, asserting the right to be present

5

despite being informed otherwise, [and] attempting to gain access to restricted areas during such significant events can clearly be perceived as conduct likely to escalate tension." *Id.* at Tr. 7:22-8:3.  In addition, the Court found that Plaintiff's "insistence on involvement, despite clear indications to refrain, suggests a disregard to the established protocols to maintain order during high profile University events." *Id.* at Tr. 8:4-7.  These findings supported the Court's probable cause determination.[3]

Finally, regarding the fourth prong, Plaintiff argues that the probable cause determination was not essential to the Municipal Court's not guilty verdict.  Opp. 17-18.  Obviously, the Municipal Court was not required to find probable cause for arrest in the course of reaching its determination that the charged offense was not proven beyond a reasonable doubt.  This is but one factor in the Court's analysis: the Third Circuit has found that a court's intermediate rulings may be preclusive even when they are not technically necessary to the final judgment.  *Reaves v. Pennsylvania Bd. of Prob. & Parole*, 580 F. App'x 49, 53 (3d Cir. 2014) (holding that ruling should be given preclusive effect even though "[t]he District Court's ultimate disposition of this claim was arguably not 'essential' to its habeas

---

[3] Because the Municipal Court court's decision identifies the evidence considered and the reasoning for why Plaintiff's arrest was supported by probable cause, Plaintiff's reliance on *Merritt v. Kelly*, No. A-0754-21, 2023 WL 722142, at *6 (App. Div. Nov. 2, 2023), in which the court found no preclusive effect because "the municipal court provided no basis for its finding, nor is there any indication of what evidence it reviewed and evaluated," is inapposite.  *See* Opp. at 15-16.

judgment"); *see also Jean Alexander Cosms., Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 255 (3d Cir. 2006) ("[W]e will follow the traditional view that independently sufficient alternative findings should be given preclusive effect. We recognize that such determinations do not fulfill the necessity requirement for collateral estoppel in a strict sense[.]"). Here, the Municipal Court found, based upon an extensive evidentiary record, that there was probable cause for Plaintiff's arrest. That determination is entitled to preclusive effect.[4]

**B.    The Municipal Court's Finding of Probable Cause Precludes Plaintiff's Claims for Retaliation (Count I), Unlawful Arrest/False Imprisonment (Count II), and Malicious Prosecution (Count V).**

As explained in Defendants' moving papers, the existence of probable cause for Plaintiff's arrest necessitates dismissal of Plaintiff's claims for retaliation, unlawful arrest and false imprisonment, and malicious prosecution. Br. at 11-13. Plaintiff does not dispute that the absence of probable cause is an essential element of each of these claims. *See Goodwin v. Conway,* 836 F.3d 321, 327 (3d Cir. 2016) (probable cause is "complete defense" to false arrest/imprisonment and malicious

---

[4] Plaintiff argues that a municipal court's probable cause determination can never be preclusive in a § 1983 action. Opp. at 13. This argument fails in light of binding Supreme Court caselaw which has long held that collateral estoppel applies to § 1983 actions following criminal proceedings. *Allen v. McCurry*, 449 U.S. 90, 103-104 (1980) ("There is … no reason to believe that Congress intended to provide a person claiming a federal right an unrestricted opportunity to relitigate an issue already decided in state court simply because the issue arose in a state proceeding in which he would rather not have been engaged at all."); *see also Linnen v. Armainis*, 991 F.2d 1102, 1108 (3d Cir. 1993).

prosecution); *Morales*, 2024 U.S. Dist. LEXIS 198866 at *33 (a claim for retaliatory arrest requires a showing that plaintiff was arrested without probable cause).[5] Thus, Counts I, II, and V must be dismissed.

### C. The Municipal Court's Probable Cause Finding Undermines Plaintiff's Excessive Force Claim.

Although probable cause does not defeat a claim for excessive force, "a complaint fails to state an excessive-force claim when it does not plead facts allowing an inference that the force used was unreasonable, *i.e.*, that it went beyond what was necessary to accomplish an arrest under all the circumstances." *Legriere v. City of Paterson*, No. 20-08361 (KM) (ESK), 2021 U.S. Dist. LEXIS 22638, at *7 (D.N.J. Feb. 1, 2021). "[T]he complaint must set forth facts permitting a court to infer that the force was unreasonable under the circumstances." *Id.*

As Defendants have explained, Br. at 13-15, the Municipal Court's factual findings render implausible Plaintiff's allegations "that he was peacefully recording when Chief Strother suddenly lifted and dropped him down stone steps," Opp. at 19 (citing ¶¶ 37-41). Thus, the Municipal Court found that the evidence presented at trial "suggests that [Plaintiff's] actions were deliberate and involved physical contact

---

[5] Probable cause may not defeat a retaliation claim if it is alleged that similarly situated individuals not engaged in protected speech could have been but were not arrested. *Morales*, 2024 U.S. Dist. LEXIS 198866 at *32-33. Here, pro-Palestinian protestors were arrested, ¶ 31, and Plaintiff does not distinguish *Morales* on this basis.

that was neither accidental or benign." Ex. C at Tr. 11:10-12. Further, the Court explicitly found that *Plaintiff*'s conduct was "likely to escalate tension" because he was "attempting to gain access to restricted areas" during "significant events." *Id.* at Tr. 7:22-83. In light of these findings, Plaintiff cannot and does not plausibly allege that force used was in fact "unreasonable, *i.e.*, that it went beyond what was necessary to accomplish an arrest under all the circumstances." *See Legriere*, 2021 U.S. Dist. LEXIS 22638, at *7.

**D.    Plaintiff's Fabrication of Evidence Claim Fails to Satisfy The Heightened Pleading Standard.**

While the Third Circuit recognizes "a stand-alone" claim for fabrication of evidence, *Halsey v. Pfeiffer*, 750 F.3d 273, 292 (3d Cir. 2014), "the standard required to demonstrate that evidence is fabricated is a 'notable bar.'" *Boseman v. Upper Providence Twp.*, 680 F. App'x 65, 70 (3d Cir. 2017); *Black v. Montgomery Cnty.*, 835 F.3d 358, 372 (3d Cir. 2016) ("[T]here is a notable bar for evidence to be considered 'fabricated.'"). Specifically, "testimony that is incorrect or simply disputed should not be treated as fabricated merely because it turns out to have been wrong." *Halsey*, 750 F.3d at 295.

Here, however, Plaintiff ignores this standard, merely disputing Strother's testimony. ¶¶ 63-66, 120. This is insufficient, as a matter of law, and this claim must accordingly be dismissed. *Khetani v. Plainsboro Twp.*, No. 23-534 (GC) (JTQ), 2024 U.S. Dist. LEXIS 147393, at *11-12 (D.N.J. Aug. 19, 2024) (holding

9

that plaintiff failed to allege fabrication of evidence claim where the complaint "amount[ed] to nothing more than conclusory assertions that the 'Defendant police officers fabricated information by issuing a false certification in support of the Warrant for Arrest.'").

## III.  PLAINTIFF'S MUNICIPAL LIABILITY CLAIM AGAINST PRINCETON (COUNT VII) FAILS AS A MATTER OF LAW.

Count VII asserts a municipal liability claim against Princeton for failure to train and supervise its public safety officers and employees.  ¶¶ 126-135. Specifically, the Complaint alleges that "Princeton's policies were inadequate to train its officers and employees to carry out their duties at protests," ¶ 129, and the "failure to train and supervise officers . . . reflects Princeton's unconstitutional custom and policy of deliberate indifference to Plaintiff's and other students' safety, well-being, and constitutional rights," ¶ 134.  In their moving brief, Defendants explained at length why the Complaint fails to allege the required policy and custom to demonstrate deliberate indifference, Br. at 17-23; they do not rehash those arguments here.  But Plaintiff raises for the first time in briefing, and contrary to his own Complaint, that he is proceeding under a single-incident theory of *Monell* liability.  For the reasons explained below, this argument is fundamentally flawed.

Generally, a plaintiff must pursue a failure to train claim through "a pattern of similar constitutional violations," rather than a single-incident theory. *Fairview Ritz Corp. v. Borough of Fairview*, No. 9-875 (JLL), 2013 WL 5946986, at *24 (D.N.J.

Nov. 6, 2013); *Gaymon v. Esposito*, No. 11-4170 (JLL), 2013 WL 4446973, at *14 (D.N.J. Aug. 16, 2013) (same).  A pattern of violations may not be necessary in "a narrow range of circumstances," where "the need for more or different training is so obvious and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need."  *Fairview Ritz Corp.*, 2013 WL 5946986 at *24. Nevertheless, failure to plead "specific deficiencies in training programs" is fatal to a failure to train claim.  *Gaymon*, 2013 WL 4446973 at *16 ("[T]he Second Amended Complaint contains no facts detailing specific deficiencies in training programs provided by the ECSO.  As the Court previously stated, failure to do so is fatal to Plaintiffs' § 1983 failure to train claim.").

Here, the Complaint identifies no deficiencies whatsoever in Princeton's training policy and alleges only in conclusory fashion that "Princeton's policies were inadequate."  ¶ 129.  As multiple courts have held, such vague and conclusory pleading is insufficient to allege a failure to train under § 1983, warranting dismissal. *See Harvey v. Cnty. of Hudson*, 14-3670 (KM), 2015 WL 9687862, at *15 (D.N.J. Nov. 25, 2015) ("[T]he plaintiffs allegations are too general and conclusory to sustain a claim of failure to train.  Here, as elsewhere, the Complaint merely posits that, because this shooting occurred, Walker's training must have been inadequate. It states no facts about the training that the officers generally, or Walker in particular,

11

did or did not receive."); *Smart v. Winslow*, No. 13-4690 RMB, 2015 WL 5455643, at *6 (D.N.J. Sept. 16, 2015) ("[R]egarding single-incident claims of deliberate indifference, the Court assumes that there is a need for police training regarding exigent circumstances for warrantless entry into a home, but there are no facts in the Complaint alleging the Township of Winslow does not train police officers on exigent circumstances. Alternatively, there are no allegations that the Township of Winslow's specific training program is deficient."); *see also Benhaim v. Borough of Highland Park*, No. 11-2502 (KM), 2015 WL 105794, at *7 (D.N.J. Jan. 6, 2015) ("[L]iability does not 'arise on the tautological grounds that the injury in question would not have occurred if officers had been trained to avoid that particular injury; such a claim 'could be made about almost any encounter resulting in injury.'").

## IV. PLAINTIFF'S TORT CLAIMS (COUNTS IV, VIII, AND IX) SHOULD BE DISMISSED.

### A. Assault and Battery

For the reason set forth above and in Defendants' moving brief, the Municipal Court's preclusive probable cause determination defeats Plaintiff's assault and battery claims as to both Defendants. Br. 23-24; *Dobbins v. Hudson United Bank*, No. 03-5771, 2004 U.S. Dist. LEXIS 25320, at *15 (E.D. Pa. Dec. 16, 2004) ("[Plaintiff's] common law battery claims are also defeated because her arrest was made with probable cause. It is well established that the police are privileged to commit a battery in order to effect a lawful arrest."). Additionally, the Complaint

12

does not allege any intent by Princeton to cause the "harmful or offensive contact," *Doss v. Osty*, No. 10-3497 (WJM), 2011 U.S. Dist. LEXIS 68824, at *25 (D.N.J. June 27, 2011); it alleges no more than Chief Strother's intent to arrest, ¶ 106. *See Doss*, 2011 U.S. Dis. LEXIS 68824 at *25 (dismissing common law assault and battery claims against municipal defendant where the plaintiff only alleged intent with respect to a shooting as to the officer). For this reason, the claims also fail against Princeton.

### B.    Intentional Infliction of Emotional Distress

The Municipal Court's probable cause determination bars Plaintiff's intentional infliction of emotional distress ("IIED") claim. *Rasmussen v. United States*, No. 14-6726 (KSH)(MF), 2017 U.S. Dist. LEXIS 51258, at *12 (D.N.J. Mar. 31, 2017) (dismissing IIED claim "[b]ecause [Plaintiff's] arrest was supported by probable cause, he cannot establish that any alleged harm he incurred was intentional."). Further, recovery for IIED is available only for extreme and outrageous conduct that goes "beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Ingraham v. Ortho-McNeil Pharm.*, 25 A.3d 1191, 1195 (App. Div. 2011). Here, Plaintiff fails to allege the severe mistreatment which the law requires. *See Forsman*, 2023 U.S. Dist. LEXIS 75247 at *19-20 (dismissing IIED claim where plaintiff alleged he was arrested without probable cause and officers refused to uncuff him even though he

13

complained of pain); *Ramirez v. United States*, 998 F. Supp. 425, 434 (D.N.J. 1998) (dismissing IIED claim because the plaintiff did not allege he was severely mistreated during the arrest).

### C.    Negligent Infliction of Emotional Distress

Finally, Defendants rely upon their moving papers which set forth at length why the Charitable Immunity Act bars Plaintiff's negligence claims against both the University and Chief Strother.  Br. at 26-30.  Defendants respond only to Plaintiff's misguided argument that application of the Act is inappropriate at the motion to dismiss stage.  Opp. at 37-38.  Contrary to plaintiff's position, the Third Circuit has held that charitable immunity can and should be applied on a motion to dismiss.  *Doe v. Princeton Univ.*, 790 F. App'x 379, 386 (3d Cir. 2019) (affirming motion to dismiss complaint because "Princeton is entitled to charitable immunity and so his negligence claim was properly dismissed.").

### CONCLUSION

For the reasons provided herein and in Defendants' moving papers, the Court should dismiss the Complaint in this matter in its entirety.

14

Dated: February 24, 2025
Newark, New Jersey

Respectfully submitted,

*s/ Lawrence S. Lustberg*

Lawrence S. Lustberg
Christina M. LaBruno
**FBT Gibbons LLP**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500
llustberg@fbtgibbons.com
clabruno@fbtgibbons.com

*Attorneys for Defendants*
*The Trustees of Princeton University and*
*Kenneth E. Strother, Jr.*

15