KASOWITZ LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ANDREW L. SCHWARTZ
DIRECT DIAL: (212) 506-1762
DIRECT FAX: (212) 835-5012
ASCHWARTZ@KASOWITZ.COM

ATLANTA
BOULDER
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
WASHINGTON DC

September 18, 2026

**VIA ECF**

Honorable Zahid N. Quraishi
402 East State Street Room 2020
Trenton, NJ 08608

Re: *Piegaro v. Trs. of Princeton Univ. et al.*, No. 3:25-cv-13919-ZNQ-JTQ (D.N.J.)

Dear Judge Quraishi:

Pursuant to Your Honor's Judicial Preference regarding Pre-Motion Conferences, we write on behalf of Plaintiff David Piegaro to request a pre-motion conference or, alternatively, leave to file his anticipated motion to dismiss and to strike Defendant Strother's Counterclaims (Dkt. 30), along with an award of attorneys' fees and expenses pursuant to N.J. Stat. § 2A:53A-58.

On July 31, 2026, the Court denied Defendants' motion to dismiss as to eight of nine claims brought by Mr. Piegaro. *See* Dkt. 27 ("Order"). On August 28, 2026, Defendants answered and Strother filed common law counterclaims for battery, assault, and defamation. *See* Dkt. 30. Strother's counterclaims smack of the type of retaliation and intimidation New Jersey's anti-SLAPP law is designed to protect against. *See* N.J. Stat. § 2A:53A-50 *et. seq*. They are also untimely, meritless, and conclusory.

## I. Strother's Counterclaims and Defendants' Answer Are Untimely (All Counts)

Each of Strother's counterclaims are untimely under the applicable statutes of limitations. *See* N.J. Stat. § 2A:14-2 (two years for assault and battery); *id.* § 2A:14-3 (one year for defamation). Strother's counterclaims for assault and battery are premised on conduct alleged to have occurred on April 29, 2024; his claims thus expired approximately four months before his pleading. Strother's defamation counterclaim identifies only one publication date, April 1, 2025 (¶17);[1] his claim thus expired approximately five months before his pleading.[2]

## II. Strother's Defamation Claim Fails to State a Claim (Count 3)

Strother's counterclaim also falls short of Rule 8. A claim for defamation requires: "(1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication

[1] Unless otherwise noted, all "¶_" references are to Strother's Counterclaims, beginning on page 30 of Dkt. 30.

[2] Defendants were also required, but failed, to file their answer and any other responsive pleading "within 14 days after" the Court's decision on Defendants' motion to dismiss, which was entered on July 31, 2026. *See* Fed. R. Civ. P. 12(a)(4)(A); Dkts. 26 & 27. The Order did not toll this deadline.

of that statement to a third party; and (3) fault amounting at least to negligence by the publisher." *Kennedy v. Am. Airlines Inc.*, 195 F. Supp. 3d 646, 655 (D.N.J. 2016) (citation modified).

Strother fails to satisfy the first two elements because he does not identify the "when, where, [] which defendants and [] what words" constitute the purported defamation. *See id.* at 656 (citation modified). Strother's vague and conclusory allegations that Plaintiff published unidentified defamatory statements "online" "to third parties" that he "knew [] were false" (¶¶32-33) are inadequate. *See Anglin v. Anglin*, 2018 WL 1278304, at *4 (D.N.J. Mar. 12, 2018) (plaintiff must "plead facts sufficient to identify . . . the circumstances of publication" (citation omitted)); *Kennedy*, 195 F. Supp. 3d at 655-56 ("[V]ague references to 'third parties' [are] insufficient to state a plausible defamation claim." (citation modified)). Other than a general reference to a New York Times article from outside the limitations period, the counterclaims do not allege where, when, or to whom any alleged statements were communicated.[3]

Strother likewise fails to adequately plead the third element, fault. Strother's claim is subject to a heightened "actual malice" standard because he is a police officer and the alleged statements are on a matter of public concern. *See, e.g.*, *Costello v. Ocean Cnty. Observer*, 643 A.2d 1012, 1021-22 (N.J. 1994); *Scott v. Borough*, 2024 WL 692209, at *13 (M.D. Pa. Feb. 20, 2024). Strother alleges nothing of the sort.

## III. <u>Strother's Defamation Claim Belongs in State Court (Count 3)</u>

Strother's defamation claim is also jurisdictionally deficient. The only jurisdictional basis for the counterclaims is supplemental jurisdiction. But this claim facially arises from a separate nexus of operative facts from Mr. Piegaro's original action. *See* 28 U.S.C. § 1367(a). New Jersey courts should be provided the opportunity to develop their nascent anti-SLAPP law, and Mr. Piegaro should be afforded its protections in state court. *See* 28 U.S.C. § 1367(c); *see also* N.J. Stat. Ann. § 2A:53A-50(b) (granting protections against claims based on a "communication on an issue under consideration or review" in a judicial proceeding); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (holding that courts must analyze "judicial economy, convenience, fairness, and comity" in deciding whether to exercise supplemental jurisdiction).

## IV. <u>Strother's Assault and Battery Counterclaims Fail (Counts 1 and 2)</u>

Strother's assault counterclaim fails on its face. Strother's own allegations make clear that he did not perceive Mr. Piegaro's alleged incoming contact. ¶14. As a result, Strother was never in "apprehension that battery . . . [wa]s imminent" before the contact was made. *See Bridgeforth v. Compass Grp. USA, Inc.*, 2020 WL 3097683, at *6 (N.J. Super. Ct. App. Div. June 11, 2020)

---

[3] Mr. Piegaro's statements are also non-actionable opinions. *See Illiano v. Wayne Bd. of Educ.*, 2024 WL 687756, at *8 (D.N.J. Feb. 20, 2024) (a defamation action will fail "[w]here an opinion is accompanied by its underlying nondefamatory factual basis . . . because readers can interpret the factual statements and decide for themselves whether the writer's opinion was justified" (citation omitted)); *Kotlikoff v. Cmty. News*, 444 A.2d 1086, 1090-91 (N.J. 1982) (accusing mayor of "a huge coverup" and a "conspiracy" was protected opinion speech rather than criminal allegations).

(affirming dismissal of assault claim because "plaintiff had no apprehension or awareness that [defendant] was approaching him" (citation omitted)).

Strother's assault and battery counterclaims also fail to allege the requisite intent. Assault and battery require an intent to make harmful physical contact or "knowledge that, to a substantial certainty, imminent apprehension [of such contact] will result." *Bullock v. Cabasa*, 2014 WL 5286613, at *10 (D.N.J. Oct. 15, 2014) (citation modified). Indeed, Strother alleges that Mr. Piegaro's intention was to enter the building, not to touch, scare, or hurt Strother,[4] and that it was Mr. Piegaro who was trying to free himself from Strother's unwarranted contact. *See* ¶¶14, 16. Strother also does not allege any physical injury from the alleged contact.

Strother's allegations are also contradictory and should not be credited. *See Pyatkova v. Motorcars*, 2016 WL 674862, at *2 (D.N.J. Feb. 3, 2016), *R. & R. adopted*, 2016 WL 676371 (D.N.J. Feb. 18, 2016). Though at times Strother alleges that Mr. Piegaro "made physical contact with him . . . despite being advised that he could not enter" (¶25), elsewhere, he alleges that Mr. Piegaro made physical contact *before* Strother advised him that the building was closed (¶14).

## V. Strother's Request for Attorneys' Fees Is Improper (All Counts)

This Court should strike Strother's baseless requests for attorneys' fees. *See Gannett Satellite Info. Network, LLC v. Twp. of Neptune*, 254 N.J. 242, 258 (2023) (New Jersey follows the American Rule); *Buying for the Home, LLC v. Humble Abode, LLC*, 2006 WL 8458811, at *1 (D.N.J. Feb. 15, 2006) (granting with prejudice plaintiff's motion to strike defendant's request for attorneys' fees as the counterclaim was "devoid of any allegations indicating a legal or factual basis for such a demand").

* * *

For these reasons, Plaintiff respectfully requests a pre-motion conference or, alternatively, leave to file a motion to dismiss and to strike on the above grounds, along with an award of attorneys' fees and expenses pursuant to N.J. Stat. § 2A:53A-58.

Respectfully submitted,

*/s/ Andrew L. Schwartz*
Andrew L. Schwartz

cc: All Counsel of Record (via ECF)

[4] In fact, according to Defendants' own exhibit, the Municipal Court found that the evidence was consistent with its finding that Mr. Piegaro did not have the requisite intent for assault. *See* Dkt. 17-2, Ex. C at 4:20-25, 8:24-12:20. Defendants cannot attempt to rely on the Municipal Court transcript when it benefits them but ignore it when inconvenient. *Cf. Campagna v. TD Bank, N.A.*, 2021 WL 3661293, at *3 (D.N.J. Aug. 18, 2021) (explaining that when the pleading party's "own exhibits contradict her allegations in the complaint, the exhibits control" (citation omitted)).